Romeo GABRIELE, et al., Plaintiffs, Appellees,

v.

Bradford SOUTHWORTH, et al., Defendants, Appellants.

No. 82–1922.

United States Court of Appeals, First Circuit.

Argued June 6, 1983.

Decided July 25, 1983.

Stephen M. Robinson, Providence, R.I., for defendants, appellants.

Lynette Labinger, Providence, R.I., with whom Roney & Labinger, Providence, R.I., was on brief, for plaintiffs, appellees.

Before COFFIN and BREYER, Circuit Judges, and SELYA,* District Judge.

COFFIN, Circuit Judge.

In 1977 these two plaintiffs, employees at the Rhode Island Adult Correctional Institution, (ACI), were suspended with pay and intervened in an ongoing prison inmate suit against ACI officials alleging that their suspension was in retaliation for exercising their First Amendment rights. After a five day trial the district court ordered reinstatement and granted $1,000 compensatory damages to each plaintiff. We affirmed in *Brule v. Southworth*, 611 F.2d 406 (1st Cir. 1979). The parties are now back before us, the state respondents challenging a fee award of $66,040.55, including $4,363.35 for costs and disbursements.

The proceedings subsequent to our affirmance of the judgment on the merits have generated a 183 page transcript, a substantial volume of affidavits, stipulations, depositions, testimony, memoranda of law for the district court, 97 pages of proposed findings of fact and conclusions of law in the trial on the merits, the appellate brief in the appeal on the merits, 234 hours of the time of appellees' two lawyers, and the expenditure of $1,250 for the testimony of an expert trial lawyer and $500 for an economic expert's computation of the present value of legal fees claimed from the inception of this litigation. Indeed the fees claimed and awarded by the district court solely for the proceedings relating to the determination of fees are in the amount of $17,564.50.

Our scrutiny of this record leaves us with the impression that the fee part of this litigation has long since outdistanced the substantive part. Here a combination of factors interacted to produce this result: (1) plaintiffs' attorneys made a most voluminous and complex documentary submission, accompanied by supportive testimony; (2) the state, while pointing to areas it deemed questionable, came forward with little cross-examination and no witnesses of its own and, before us, spent a disproportionate amount of effort on the single issue of the judge's refusal to recuse himself because one of plaintiffs' lawyers had been his law clerk, leaving that position over a year before this litigation commenced and over six years before the fee determination was made; (3) the court, facing meticulously detailed documentation and testimony unimpeached and uncontradicted, understandably acted as if this were an ordinary triable matter where the adversarial process is relied on to ferret out weaknesses.

So proceeding, the district court accepted as claimed the hourly rates, all logged hours for services rendered pre-trial, during trial, post trial, and during the fee proceedings, and a 10 per cent bonus for prejudgment services (because of the contingency of non-payment, despite a $9800 retainer paid by plaintiffs). It ruled against respondents on their claim that fees should not be awarded for two attorneys during the final stages of this litigation. The court differed from plaintiffs' position only in awarding $9,105.70 of interest to reflect delay in payment rather than a figure recommended by their expert, in excess of $16,000.

We approach our scrutiny uneasy at the course these proceedings have taken. We wish to make clear that we reject the state's oral argument that perhaps a judge should forever be barred from ruling upon the fee application of a former clerk. Nor do we wish to undermine the broad discretion accorded district judges in fee setting matters. *See Maceira v. Pagan*, 698 F.2d 38, 39 (1st Cir.1983). We also think it time wasted to argue over whether our remarks

---

* Of the District of Rhode Island, sitting by designation.

in *Pilkington v. Bevilacqua,* 632 F.2d 922 (1st Cir.1980), were strictly applicable. We specifically abjured any bright line demarcation of situations where heightened sensitivity is demanded and those where it is not. *Id.* at 924. Where we might have been misleading and simplistic was in any implication of exclusivity in stating that, where a judge is called on to evaluate the performance of a recent past associate, "the normal dynamics of the adversary system may not function with full effectiveness." *Id.* That is, as this case illustrates, fee determinations are not resolvable solely under adversary system procedures, whether or not a counsel is a recent associate of the judge. One opposing, for example, the reasonableness of time spent in one or more phases of a litigation can go just so far in raising questions. Only rarely will he be able to demonstrate vividly that an issue was illusory, irrelevant, or frivolous or that too many facts and transcript references had been marshaled. This inability to "prove" a point does not relieve the judge from drawing on his own experience and wisdom and deciding whether the time spent on each phase was in excess of a reasonable amount. Nor should the judge become so deluged with details that he is unable to view the claims for fees in perspective. He must retain a sense of overall proportion. The continued viability of and confidence in the public funding of certain litigation are dependent on the perception that claims are subject not only to testing by adversaries but to the independent review of a court.

In this appeal we confess to having received very little specific assistance from the state respondents. In a number of areas our own scrutiny reveals ample basis for the district court's actions. We therefore accept the rate determination of $70 (out of court) and $75 (in court) for the period ending December 31, 1978; the reasonableness of 55 hours spent in trial preparation between December 6, 1977 and December 26, 1977; the 10 per cent bonus for contingency; the increase of the "lodestar" at an 8 per cent rate (current rate paid on U.S. Treasury Bills as of November 2, 1982); and the award of fees for two attorneys during the final stages of the litigation. We do make three relatively minor adjustments in the belief that a more rigorous independent scrutiny should have been made by the court in these cases.

First, we conclude that 128 hours for time spent in formulating proposed findings and conclusions are excessive. We realize that there was a 600 page transcript and other documents to organize, but we cannot accept the conclusion that this job reasonably required the exclusive time of a lawyer for 8 working hours a day for three full 40 hour work weeks. We reduce this by one half.

Second, we conclude that 112 hours for time spent on the appellate brief on the merits was excessive. The factual portion is immensely aided, almost pretermitted, by the work done in preparing proposed findings of fact. We have noted natural correspondences. We reduce the time spent by one week of 40 hours, leaving the claimed time on the brief at 72 hours, almost two full weeks.

Finally, we look at all the time, 234.2 hours, spent solely on the fee phase of this litigation, and feel that some reduction in rate is sensible. The task of organizing facts or researching and presenting legal precedents has to be more demanding than documenting what a lawyer did and why he or she did it. We accept every hour but allot a $60 hourly rate, instead of $75. *Miles v. Sampson,* 675 F.2d 5, 9 (1st Cir. 1982); *Copeland v. Marshall,* 641 F.2d 880, 892 (D.C.Cir.1980); *Richerson v. Jones,* 506 F.Supp. 1259, 1265 (E.D.Pa.1981). We think that this does not give defendants an incentive to delay and obfuscate, but rather gives plaintiffs reasonable compensation without stimulating a contest of attrition at top prices.

Accordingly, here is our computation, resting largely on the determinations of the district judge, but noting our differences:

|  | District Court and Adjustment | Our Reassessment |
|---|---|---|
| (1) Proceedings in the district court: 11/77–6/1/79 | $23,652.50 | |
| Reduction: one half of hours spent on post trial brief— 64 hours at $70/hr. | –4,480.00 | $19,172.50 |
| (2) Proceedings in the court of appeals: 6/1/79–12/31/79 | 9,002.50 | |
| Reduction: one week (40 hours) at $75/hr. | –3,000.00 | 6,002.50 |
| (3) 10% pre-judgment bonus: District award | 2,351.00 | |
| Our award on the basis of our recomputation of pre-judgment services, see (1): 10% of $19,172.50 | | 1,917.25 |
| (4) Fee proceedings: 1/1/80–11/3/82 234.2 hrs. at $75/hr. 234.2 hrs. at $60/hr. | 17,564.50 | 14,052.00 |
| (5) Interest: $23,652.00 at 8%, 6/1/79–11/3/82 | 6,465.00 | |
| $19,172.50 at 8% for 3.42 years 6/1/79–11/3/82 | | 5,245.60 |
| $9,002.50 at 8%, 1/1/80–11/3/82 | 2,640.70 [1] | |
| $6,002.50 × 8% × 2.83 years 1/1/80–11/3/82 | | 1,358.97 |
| (6) Costs and disbursements | 4,363.35 $66,039.55 [2] | 4,363.35 $52,112.17 |

*We therefore approve an award of $52,-112.17 to cover all fees and disbursements. Because neither party was of assistance on this appeal, we shall award no fees or costs, including the ordinary costs of this appeal.*

1. We do not deem it appropriate to compound the interest awarded for delay in payment. Although we are not certain, it may be that the district compounded the interest on the $9,002.50 but not on the $23,652.50.

2. $1.00 difference from district court award attributable to our relying, for time charges, on Exhibit 6 and post-hearing affidavits rather than on summary calculation of Exhibit 17.