Evelyn DeJESUS, Plaintiff, Appellant,

v.

BANCO POPULAR de PUERTO RICO, et al., Defendants, Appellees.

No. 91–1354.

United States Court of Appeals, First Circuit.

Heard Nov. 4, 1991.

Decided Dec. 4, 1991.

---

**4**

Maria H. Sandoval, Santurce, P.R., with whom Antonio Jimenez Miranda, Old San Juan, P.R., was on brief, for plaintiff, appellant.

Frank Catala Morales, Bayamon, P.R., for defendants, appellees.

Before BREYER, Chief Judge, COFFIN, Senior Circuit Judge, and SELYA, Circuit Judge.

COFFIN, Senior Circuit Judge.

This appeal seeks to set aside an award of counsel fees on the ground that the district court made unjustified Draconian reductions in the amount requested. This is our second occasion to confront fee issues in this case. In *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232 (1st Cir.1990), we considered the district court's refusal to award any fees to plaintiff despite her successful prosecution of a claim under the Truth in Lending Act, 15 U.S.C. §§ 1601–1667e. The court reasoned that the jury award of $30,000 was "more than enough." Holding that a prevailing plaintiff under this statute is entitled to a reasonable attorney's fee, absent special circumstances, we reversed and remanded for determination of such a fee. We also asked the district court to calculate a reasonable fee for the appeal.

On remand, the district court called for a verified time sheet from plaintiff.

Although requested by plaintiff to hold a hearing, the court rather promptly issued its dispositive order. It made four underlying decisions. First, it granted the full request for fees on appeal in the amount of $7,762.50 (103.5 hours at $75 per hour), noting that the appeal had clarified an important point of law. Second, although its own tally of hours claimed by plaintiff for services in the district court was 451.86, it used plaintiff's lower (and erroneous) figure of 422.41. Third, it allowed substantially all time logged for trial and post-trial work, 41 hours. Most important, of the remaining 381 hours claimed for work in preparation for trial, the court allowed only 50 hours, a reduction of 87 percent. The overall award was $14,587.50, consisting of $7,762.50 for the appeal and $6,825 for work in the district court.

The court reasoned as follows: the case involved "a fairly straightforward consumer credit claim" with nothing "so remarkable about the pretrial proceedings that would require plaintiff's counsel to expend so many hours"; the claim was neither so novel nor difficult as to require 32 hours of research and over 17 hours for drafting the complaint; of the $500,000 prayed for, only $30,000 was awarded, putting a fee of nearly $7000 "within the reasonable range for contingency fees"; and, finally, the award compared favorably with awards in three other Truth in Lending Act cases.

We recently have dealt with a contention identical to that now made by appellant, i.e., that "the court's reduction of logged time slashed too deeply, cutting not only fat, but sinew," *Foley v. City of Lowell*, 948 F.2d 10 at 20 (1st Cir.1991). We there summarized what we expect from a district court:

A district court is expected to explicate the basis for its fee awards. *Foster* [*v. Mydas Assoc., Inc.*, 943 F.2d 139, 140 (1st Cir.1991) ]; *Langton v. Johnston*, 928 F.2d 1206, 1226 (1st Cir.1991); *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 950 (1st Cir.1984). Under this approach, reductions in diary-supported bills must be satisfactorily explained. *See Jacobs v. Mancuso*, 825 F.2d 559, 562 (1st Cir.

1987). Although findings are necessary, however, they need not be "infinitely precise," [*United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 16 n. 4], "deluged with details," *Gabriele* [*v. Southworth,* 712 F.2d 1505, 1507 (1st Cir.1983) ], or even "full[y] articulat[ed]," *Jacobs,* 825 F.2d at 564.

We review for abuse of discretion and the discretion is broad. *United States v. Metropolitan Dist. Comm'n,* 847 F.2d 12, 14 (1st Cir.1988). In fee-assessment and fee-shifting matters, as in other contexts, we find an abuse of discretion

> when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

*Foster v. Mydas Assoc., Inc.,* 943 F.2d 139, 143 (1st Cir.1991) (quoting *Independent Oil & Chem. Workers of Quincy, Inc. v. Procter & Gamble Mfg. Co.,* 864 F.2d 927, 929 (1st Cir.1988)).

In our effort to identify whether all material factors have been taken into account and given proper weight, we have made a summary review of the record—a formidable three-volume collection of papers filed under 162 docket entries over a period in excess of five years. The case is an object lesson in delay, frustration, finger pointing, and paper production. We can well understand how the district court might have had a surfeit.

The first paper filed was an omen of things to come—a complaint containing 26 separate supposed causes of action. Many of the "causes" were simply allegations of fact. Subsequently, three defendants managed to add to the confusion. The single effort to take a deposition of one defendant, Carmen Cruz, a police department employee, spanned a period of over three years, part of the difficulty being a contretemps in which the court at one point granted a motion to default her after the Puerto Rico Department of Justice failed to take any action on her behalf. A second defendant, Joyeria Bared, Inc., engaged in prolonged skirmishing with plaintiff over interrogatories and answers.

Plaintiff's interactions with a third defendant, Banco Popular, against whom the jury ultimately returned a verdict, were beset with the most difficulties, some fortuitous, some suggesting stonewalling. After several extensions of time, Banco filed its answer some seven months after the complaint was filed. A deposition of plaintiff by Banco had to be canceled after all were present except a needed translator; plaintiff sought sanctions but Banco maintained that the translator had simply refused to honor the deposition notice. On a motion for sanctions for failure to produce documents, the court ordered Banco to produce such within five days or suffer "severe sanctions." Later after an "open file discovery" at Banco's offices, plaintiff complained that half of the requested documentation was unavailable. The court ordered the parties to settle the matter in five days; a month later Banco replied that it had not received a copy of the court's order until recently and was forthwith supplying the requested information. After setting an initial trial date of June 10, 1987, the court found it necessary to reschedule four more times, the trial finally commencing almost two and one half years later, on November 29, 1989. One rescheduling was brought about by reason of plaintiff's attorney's ill health.

Without penetrating below the surface, we catalogue the different kinds of services performed by counsel for plaintiff over the extended period: answering two sets of interrogatories, framing two sets of interrogatories, requesting documents, drafting five motions for default, responding to motions for summary judgment, filing a motion to compel answer, preparing for and taking depositions, debating an in limine issue concerning the admissibility of evidence, defending a jurisdictional challenge, making several requests for sanctions, participating in drafting a 19–page pretrial order, attending "open file discovery," compiling 37 pages of jury instructions, and preparing for trial on several occasions (the trial itself involving plaintiff and two addi-

tional witnesses, and at least two defense witnesses).

We have taken the trouble to sketch the nature of these proceedings partly because of the court's comment that it found nothing so remarkable about them as to justify a great deal of time spent on plaintiff's behalf. The trial itself, when finally reached, involving five witnesses over three days, may well have been ordinary and the recovery a small percentage of the initial prayer; but the length and nature of the pretrial ordeal constitutes a major factor in this case. We can do no better at this juncture than to quote Judge Aldrich, writing for our court in *Jacobs v. Mancuso*, 825 F.2d 559, 563–64 (1st Cir.1987):

> After examining particular aspects of plaintiffs' billing in detail, we have stepped back for a moment to "retain a sense of overall proportion," *Gabriele*, 712 F.2d at 1507. We understand why the court was troubled when it viewed plaintiffs' request for over $26,000 in fees and costs in the context of a case that was settled before trial on terms requiring defendants to pay out only about $4,000 in damages. We note, however, that the proportion of damages to fees has limited relevance to our determination. [Footnote omitted.] Although the case did not go to trial, it did involve significant motions and pleadings, strongly resisted discovery. . . .

We would add that in this case the very surprise manifested by the court at what to it was a most generous verdict may be an indication of highly effective advocacy.

The district court quite properly, we think, found that plaintiff's claim of fifty hours to research and draft the complaint must have involved a great deal of "learning time." But even if we assume that able counsel, with experience in the field of consumer credit law, could research the law under the several federal statutes that might be relevant and draft a polished complaint in fifteen hours—a reduction of over two thirds—the court's total allowance of fifty hours for preparation would leave thirty-five hours to perform all the remaining services for a period of almost four years until trial. That would be an average of nine hours per year.

If plaintiff were fairly chargeable with protracting and complicating the proceedings, very harsh treatment might be justified. But on our reading of the record, most of the delay was either fortuitous (changes of attorneys, sickness of a deponent, lack of a translator, etc.) or attributable to defendants. Some of plaintiff's pretrial efforts were obviously directed at defendants Cruz and Bared, both of whom were exonerated by the jury. Appellee has identified some 57 entries in plaintiff's counsel's time sheets as being of this nature. But we were informed by appellant, without objection, that all of these entries account for only 124 hours, one-third of the total reduction. We therefore conclude that the nature and extent of pretrial proceedings were substantially overlooked by the court.

We have not ignored the cases cited by the district court. They all involved recoveries of $2,500 or less, with fees awarded equal to or in excess of the recoveries. No purpose would be served in pointing out other differences, since each fee case generally stands on its own congeries of facts.

■ Finally, we also think that the court abused its discretion in accepting appellant's erroneous total of 422.41 claimed district court hours in lieu of the correct total of 451.86 hours. In saying this, we mean that it accorded too much weight to the factor of punishing sloppiness and too little to the truth of the matter.

■ In our opinion, this is a case where it is fitting that we not remand for a third determination. The major factor of concern to us, the pretrial proceedings, is, we think, amply revealed in the voluminous record, which also includes detailed time sheets. We also have the benefit of the district court's reasoning; our problem does not lie in the absence of an explanation. "To require an additional proceeding in the district court, and perhaps another review here, would further increase the already substantial cost that the parties and the courts have incurred on what

should be a peripheral issue." *Jacobs v. Mancuso,* 825 F.2d at 562.

We therefore award the following fees:

Prior appeal.....................$ 7,762.50
District court proceedings:
    Trial: 30 hours @ $75 .......$ 2,250
    Post-trial: 11 hours @ $75 ...   825
    Pretrial:
        Requested: 410.86 hours
        Allowed: 165 hours @ $75 $12,375
    Total District Court ........$15,450
Present appeal:
    Fee, inclusive of costs ......$ 3,000
Total Award ...................$26,212.50

We add only that the district court was well within its discretion in not holding an evidentiary hearing. Unlike the situation in *Sargeant v. Sharp,* 579 F.2d 645, 647 (1st Cir.1978), there was no threshold question of entitlement or other special issue as to which the court needed the assistance of counsel or witnesses.

*Vacated and remanded for entry of judgment consistent with this opinion. No costs in addition to those awarded herein.*