**Emmanuel L. DELFIN, Plaintiff,**

v.

**Thomas K. TURNAGE, Administrator of Veterans Affairs, Defendant.**

**Civ. A. No. C 88–0444–L(A).**

United States District Court,
W.D. Kentucky,
at Louisville.

June 2, 1992.

Jonathan C. Hardy, David Leighty, Louisville, Ky., for plaintiff.

Richard Dennis, Asst. U.S. Atty., David Busse, Veterans Admin., Louisville, Ky., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALLEN, Senior District Judge.

This action is submitted to the Court on plaintiff's motion for an award of attorneys' fees to counsel, Jonathan C. Hardy, in the amount of $51,850.00, and to co-counsel, David Leightty, in the amount of $23,695.00 for legal services performed in an action to increase the attorneys' fees awarded to them by the Veterans Administration ["VA"].[1] Plaintiff also seeks awards for attorney Virginia O'Leary in the amount of $8,679.23, and for attorney Michael L. Boylan in the amount of $400.00 for their respective testimony as experts on the issue *inter alia,* of attorney fee rates.

After the attorneys' fee trial, this Court awarded Hardy an attorney's fee in the amount of 15,174.00 for 252.9 hours of 338.1 hours claimed multiplied by an hourly rate of $60.00 rather than the $110.00 per hour rate sought. In connection with that litigation and ultimate trial, Hardy states that he expended 518.5 hours and should be compensated at the rate of $100 per hour. Leightty states that he expended 236.95 hours and is entitled to an hourly rate of

$100.00. As previously mentioned, plaintiff seeks expert witness fees in the amount $9,079.23 and expenses in the amount of $4,068.67.

Defendant contends that the hourly rate sought by Hardy is unreasonable in light of the Court's previous holding that Hardy was entitled to a fee rate of $60 per hour for the work performed in the administrative portion of this case. Defendant also argues that as Hardy was successful on only 47% of the issues presented to the Court, his attorney's fees should be based on that percentage of success.

This Court has been troubled by the request for attorneys' fees amounting to over $75,000 for services performed in a case solely concerned with the issue of the amount of a reasonable fee to be awarded to plaintiff's counsel. We note two cases that speak to this situation. In *Gabriele v. Southworth,* 712 F.2d 1505 (1st Cir.1983), a case involving First Amendment rights of two employees at a prison and an award of $1,000 in damages, the prevailing plaintiffs sought an award for 234.2 hours expended solely on the fee phase of the litigation. The First Circuit stated:

> The task of organizing facts or researching and presenting legal precedents has to be more demanding than documenting what a lawyer did and why he or she did it. We accept every hour but allot a $60 hourly rate, instead of $75. We think that this does not give defendants an incentive to delay and obfuscate, but rather gives plaintiffs reasonable compensation without stimulating a contest of attrition at top prices.

*Id.* at 1507.

In *Coulter v. State of Tenn.,* 805 F.2d 146 (6th Cir.1986), the Sixth Circuit stated that the "legislative intent behind attorney fee statutes ... was to encourage lawyers to bring successful civil rights cases, not successful attorney fee cases." *Id.* at 151. In discussing the district court's decisions as to hours expended and hourly rates for the preparation and presentation of the at-

---

1. Hardy sought to increase his VA fee award of $8,961.00 to $19,580.23. Leightty sought to in- crease his VA fee award of $435.00 to $491.23.

524

torney fee case, the Sixth Circuit affirmed those decisions, stating:

> In the absence of unusual circumstances, the hours allowed for preparation and litigating the attorney fee case should not exceed 3% of the hours in the main case when the issue is submitted on the papers without a trial and should not exceed 5% of the hours in the main case when a trial is necessary. Such guidelines and limitations are necessary to insure that the compensation from the attorney fee case will not be out of proportion to the main case....

*Id.*

The *Coulter* Court discussed three different types of issues that may arise in the context of excessive hours:

> (1) factual questions about whether the lawyer actually worked the hours claimed or is padding the account; (2) legal questions about whether the work performed is sufficiently related to the points on which the client prevailed as to be compensable; and (3) mixed questions [of law and fact] about whether the lawyer used poor judgment in spending too many hours on some part of the case or by unnecessarily duplicating the work of co-counsel.

*Id.*

In that portion of *Coulter* concerning pretrial preparation by plaintiff's two attorneys, the Sixth Circuit affirmed the trial court's reduction of 62 hours to 31 hours. The Sixth Circuit also stressed that "[w]here duplication of effort is a serious problem ... the District Court may have to make across the board reductions by reducing certain items by a percentage figure...." *Id.* at 152.

Here, we are not confronted with questions as to the number of hours expended Hardy and Leightty. Rather, we must determine whether the work performed by Hardy and Leightty was sufficiently related in all instances to the points on which they prevailed so as to be compensable. For example, plaintiff employed the services of Virginia O'Leary, who testified not only about the services performed by plaintiff's lawyers but also about their compensation. The latter testimony obviously was unsuccessful as to Hardy in that O'Leary urged that his fee should be at least $100 per hour. We held, however, that Hardy was entitled to a fee rate of $60 per hour. Findings of Fact, Conclusions of Law, and Memorandum Opinion ["Court Mem. Op."], January 18, 1991, at 7, 12.

Hardy also requested 46.75 hours for work performed prior to the filing of the first administrative proceeding. We reduced that request by 36.0 hours. As to filing the second and third complaints, we accepted the government's position that Hardy's time should be reduced by 14.4 hours for the second complaint and 13.0 hours for the third complaint.

We also deducted 3.0 hours for Hardy's unnecessary letter protesting Joseph Baucom's investigation, 10.0 hours of 20.0 nonchargeable hours, 2.25 hours for a conference with Russell Wimmer, 7.3 hours for excessive time spent with plaintiff during a period of two weeks, and 8.25 hours for time spent conferring with five other lawyers. Court's Mem. Op. at 8–11.

We find it impossible to state exactly the amount of time Hardy and Leightty spent in preparing and presenting those matters that resulted in substantial percentage reductions of time claimed on the administrative proceeding. As previously noted, *supra* at 2, Hardy claimed 338.1 hours for the administrative proceeding, of which we awarded 252.9 hours. The percentage of hours thus eliminated was roughly 25%, a percentage we believe is fair for purposes of reducing the number of hours for which Hardy seeks compensation here.

Returning then to Hardy's instant claim, the record reflects that he claims 345 hours for services performed prior to December 31, 1989, and 173.5 hours for services performed after that date. Reducing the 345 hour request by 8 hours for duplication during that period, we arrive at a base figure of 337 hours, which is then reduced by 25%. As to the 173.5 hours expended from 1990 on, reducing that figure by 4 hours yields a base figure of 169.5, which is then reduced by 25%.

As to the issue of duplication, in excess of 50 conferences occurred between Hardy and Leightty, accounting to approximately 25 hours. We will reduce the number of hours to be awarded by half (12.5 hours) as to each attorney for duplication of effort.

■ As to the question of hourly rates, we believe that in a case where the primary issue is attorney's fees rather than the rights of a client, the fee to be awarded to the client's attorney(s) should be reduced. The First Circuit in *Gabriele*, 712 F.2d at 1507, reduced the hourly rate by 20%, noting that such a reduction "does not give defendants an incentive to delay and obfuscate" but does give plaintiffs "reasonable compensation without stimulating a contest of attrition at top prices."

Applying that reasoning to the case at bar, we hold that Hardy is entitled to $60.00 per hour for the period 1988 through December 31, 1989. Had his work been rendered on behalf of a client in the main case, we would have held that he was entitled to $70.00 per hour for the same period and $80.00 to $85.00 per hour for work performed after December 31, 1989. In light of *Gabriele*, we will award Hardy $65.00 per hour for work performed after December 31, 1989. As to Leightty's services, we will award him $80.00 per hour rather than the $100.00 he would have been entitled to receive had the main case concerned the rights of a client.

In conclusion, Hardy is to receive compensation for 254.9 hours at $60.00 per hour and 127.25 hours at $65.00 per hour. Applying a 25% reduction to the number of hours claimed by Leightty, after subtracting 12.5 hours for duplication, he is entitled to 168.3 hours at the rate of $80.00 per hour.

As to plaintiff's claim for $13,127.90 for costs and expenses, of which $9,079.23 represents expert witness fees and expense sought for Virginia O'Leary and Michael L. Boylan, we will reduce the latter amount requested to $112.00, leaving a balance due of $4,108.67. As defendant has not objected to the expenses claimed other than the expert witnesses fees, we will award expenses and costs in the amount of $4,108.67 plus $84.00 for O'Leary and $30.00 for Boylan. These amounts reflect the statutory witness fee of $30.00 for O'Leary and $30.00 for Boylan and a $54.00 travel expense for O'Leary.

■ We deny the plaintiff's claim pursuant to the Civil Rights Act of 1991 ["Act"], P.L. 102–166, for expert witness fees in excess of $30.00 for O'Leary and Boylan and for interest on the judgment against the United States. Although the Act provides for expert witness fees and for interest on the judgment, and although plaintiff argues that the Act is retroactive, we agree with defendant that the Act is not to be applied retroactively.

In a recent decision by the Court of Appeals for the Sixth Circuit, *Vogel v. City of Cincinnati*, 959 F.2d 594, 598 (6th Cir. 1992), the Sixth Circuit held that the Act is not to be applied retroactively to plaintiff's claims for damages. *Accord, Fray v. Omaha World Herald Co.*, 960 F.2d 1370, 54 FEP 786 (8th Cir.1992) (Act must be prospectively applied). *See also, United States v. Murphy*, 937 F.2d 1032 (6th Cir. 1991). Under *Vogel* and *Fray*, we will apply the law in operation prior to the November 21, 1991, enactment and effective date of the Act. In so doing, we rely on *West Virginia University Hospitals, Inc. v. Casey*, — U.S. —, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991), where the Supreme Court held that fees for non-testimonial services rendered by experts in civil rights litigation may not be shifted to a losing party and recovery for such services may not exceed $30.00 per day.

In conclusion, we will award Hardy the sum of $15,294.00 based on our finding that he reasonably expended 254.9 hours at the rate of $60.00 per hour and $8,271.25 for 127.25 hours at the rate of $65.00 per hour for work performed after December 31, 1989. We will award Leightty compensation in the amount of $13,464.00 for 168.3 hours at the rate of $80.00 per hour. We also accept plaintiff's itemization of expenses, other than expert witness fees beyond $30.00 each for O'Leary and Boylan.

A judgment in accordance with these findings of fact, conclusions of law, and memorandum opinion has been entered this date.

## JUDGMENT

Plaintiff having moved for an award of attorney fees to Jonathan C. Hardy and to David Leightty and for expenses, and the Court having considered the materials of record, including the parties' briefs and the findings of fact, conclusions of law and memorandum opinion entered January 18, 1991, and the Court having entered this day its findings of fact, conclusions of law and memorandum opinion, accordingly, after due consideration with the Court fully advised in the premises,

IT IS ORDERED AND ADJUDGED that Jonathan C. Hardy is awarded attorney's fees in the amount of $23,565.25, David Leightty is awarded attorney's fees in the amount of $13,464.00, and plaintiff is awarded the sum of $4,220.67 for expenses.

This is a final and appealable order, and there is no just cause for delay.