50 F.Supp.2d 100 (1999)
In re SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION.
No. MDL-721.
United States District Court, D. Puerto Rico.
May 16, 1999.
Monita F. Sterling, PSC Liaison, Plaintiffs' Steering Committee, New Orleans, LA, Peter Berkowitz, San Juan, P.R., Jorge M. Suro-Ballester, Suro Ballester, San Juan, PR, Jorge Ortiz-Brunet, Ortiz-Toro & Ortiz-Brunet, Hato Rey, PR, Francisco M. Troncoso, Troncoso & Becker, San Juan, PR, Alvaro Calderón, Jr., Hato Rey, PR, Wendell H. Gauthier, Gauthier, Downing, LaBarre, Beiser & Dean, *101 Metairie, LA, Joé E. Fernández-Seín, Nachman, Santiago, et al, Santurce, PR, William S. Kemp, Harrison, Kemp & Jones, Las Vegas, NV, Stanley M. Chesley, Waite, Schneider, et al., Cincinnati, OH, John J. Cummings III, Cummings, Cummings & Dudenhefer, New Orleans, LA, David C. Indiano, Indiano, Williams, et al., Hato Rey, PR, for Steering Committee Service, plaintiffs.
Jorge Gonz&lacute;ez Lugo, Cordero Gonzalez & Assoc., Srl, Arecibo, Pr, Harry Anduze Montaño, San Juan, PR, Renato Barrios, Gervitz & Barrios, Hato Rey, PR, Alfredo Carlo Toro, Boquerón, PR, Laurence S. Berman, Levin, Fishbein, et al., Philadelphia, PA, Douglas G. Brown, Newport Beach, CA, Roberto Buso Aboy, Hato Rey, PR, E. Alvarez de Barbosa, Bayamón, PR, Isabel, Picó Vidal, San Juan, PR, Gonzalo J. Barreras Varona, Delgado C. & Barreras V., Hato Rey, PR, James E. Beasley, Shanin Specter, Beasley, Beasley & Erbstein, Philadelphia, PA, Richard A. Bieder, Koskoff, Koskoff & Bieder, Bridgeport, CT, Richard E. Brown, Brown, Fabbro & Scarlett, San Francisco, CA, Arnaldo Capote, Capote Hernandez Labat Planas, Panama City, FL, Susan Courtney Chambers, New York City, Luis E. Colón Ramery, Ponce, PR, Anthony J. Demarco, Jr., Brooklyn, NY, José A. Feliciano, Hato Rey, PR, David Godreau, Latimer, Biaggi, Rachid & Godreau, San Juan, PR, Romualdo González, Braden Gonzalez & Assoc., New Orleans, LA, Harrison J. Gordon, Gordon & Gordon, West Orange, NJ, Eugenio Santoni, Jimenez & Santoni, San Juan, PR, Orlando Fernández, Garcia & Fernandez, Hato Rey, PR, Carlos Colón Marchand, Hato Rey, PR, José De La Cruz Skerrett, San Juan, PR, Anthony J. Genovesi, Brooklyn, NY, José González González, Ramos & Gonzalez, Santurce, PR, Víctor R. González Mangual, Santurce, PR, Mark Hutton, Hutton & Hutton, Wichita, KS, Dale G. Larrimore, Larrimore, Farnish & Anderson, LLP, Philadelphia, PA, Miguel Limeres Grau, Parra, Del Valle, Frau & Limeres, Ponce, PR, Federico Lora López, San Juan, PR, Samuel Maduro Classen, Santurce, PR, Luis R. Mellado González, San Juan, Pr, José A. Pagán Nieves, San Juan, PR, Antonio Moreda Toledo, Moreda, Moreda & Arrillaga, San Juan, PR, Juan Thomas Peñagarícano, San Juan, PR, Scott Kalisch, Kalisch & Lyons, P.A., Coral Gables, FL, Steven Lausell, Jimenez, Graffam & Lausell, San Juan, PR, Alberto E. Lugo Janer, Windemere, FL, Fernando Gallardo, Woods & Woods, Hato Rey, PR, David G. Miller, Gair Gair Conason Steigman & Mac, New York City, Meryl Schwartz, Office of Aaron J. Broder, New York City, Gabriel I. Peñagarícano, San Juan, PR, Melvin A. Simon, Berman & Sable, Hartford, CT, Craig A. Strayer, Condon, Strayer & Shouse, P.C., Kansas City, MO, Guerry R. Thornton, Jr., Thornton & Leff, Atlanta, GA, Raphael Yulian Pomar, Hato Rey, PR, Virginia Zequeira Brinsfield, San Juan, PR, Marvin I. Barish, Philadelphia, PA, Stephen Levine, Levine & Gordet, Brooklyn, NY, Robert Perkins, Parkville, MO, David W. Druker, Schneider, Kleinick, Weitz Damashek & Shoot, New York City, Irving Singer, Singer, Block & Matles, P.C., Brooklyn, NY, Harold V. Sullivan II, Torrance, CA, Leonard Weinstock, Garbarini & Scher, P.C., New York City, Dennis E. Curtis, Judith Resnik, New Haven, CT, Manuel E. Andreu García, Andreu-García & Andreu-García, San Juan, P.R., for independently retained plaintiffs.

ORDER NO. 706 IN THE MATTER OF FINAL PAYMENT OF ATTORNEY FEES
ACOSTA, District Judge.
On December 18, 1998, the Court issued its final Order of distribution. See Order No. 685 Approving PSC Report of Reserve Accounts and Order for Final Distribution (docket No. 19414, filed on December 20, 1998). An integral part of this order was our determination that $2,358,456.39 would be paid as attorney fees.

*102 I. BACKGROUND

A brief recitation of the attorney fees tale is in order.
On July 26, 1991, the Court distributed approximately $220 million to the 1400 plus claimants in this litigation.[1] Based on individual retainer agreements between claimants and their attorneys, capped at 25% for minors and 33% for adults,[2] a fee "pot" of approximately $68 million was created, roughly 52.6% of which (approximately $36 million) was paid to the attorneys that comprise the Plaintiffs' Steering Committee (PSC).[3] This left approximately $32 million to be distributed amongst the 58 individually retained plaintiffs' attorneys (IRPAs).
This proportionate share did not sit well with the IRPAs. Thus began a progression of protracted fee and costs appeals which yielded satellite litigation of dimensions not yet fathomable by the United States Supreme Court when it issued its caveats in Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).
The marathon fee and costs appeals, remands, re-appeals and re-remands[4] consumed so much time that distribution of any funds accumulated post-1991, including the proceeds arising out of the various insurance disputes, was perforce paralyzed for years, leaving us with the indelible impression that the fee distribution part of this litigation "long since outdistanced the substantive part." Gabriele v. Southworth, 712 F.2d 1505 (1st Cir.1983).

II. DETERMINING THE FEE PAYMENT FORMULA

Believing, as we do, that "application of the contingent agreement structure at this stage would be unreasonable in light of the generous fees already paid to all counsel as part of the first distribution and the limited monies presently in the fund",[5] we long ago indicated that fees would be paid as a percentage of the plaintiff's "common fund" without regard to the contingent agreements signed individually by each claimant. Dunn v. H.K. Porter Co., 602 F.2d 1105, 1114 (3d Cir.1979). (District Court has authority to set aside contingent fee agreements when it concludes they would yield unreasonable fees.)
The award of attorney fees as a function of the "common fund" created by counsel's efforts has long been approved *103 by the Supreme Court. Internal Imp. Fund Trustees v. Greenough, 105 U.S. 527, 15 Otto 527, 26 L.Ed. 1157 (1881). Where, as here, the litigation has resulted in a substantial benefit to the claimants, the Court is authorized to enter an award of fees which effectively allocates the costs of the litigation proportionately among the beneficiaries of the action. Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970).
Therefore, payment of the remaining fees shall be limited to reasonable compensation only to those attorneys whose labor generated some discernible augmentation of the monies accumulated in the plaintiffs' common fund subsequent to the first distribution in 1991. See Order Nos. 588, docket No. 19048, filed on September 27, 1995 and 624, docket No. 19221, filed on February 18, 1997.

III. ATTORNEY RESPONSES/REQUESTS

In response to Order No. 624 (docket No. 19221, filed on February 18, 1997) attorneys interested in receiving fee awards as part of the final distribution submitted fee petitions describing the activities in which they had participated resulting in benefits to the plaintiffs' common fund.
We received submissions from ten of the eleven PSC members[6] and several of the individually-retained plaintiffs' counsel, namely R. BIEDER,[7] C. COLON-MARCHAND,[8] R. BARRIOS,[9] and D. BROWN.[10]

IV. REASONABLE COMPENSATION

As previously determined, the work to be compensated relates to Phase III of this litigation, a phase involving varied and complex insurance issues. In general, Phase III encompassed all matters related to trial preparation, trial, and post-trial proceedings, including appeals and settlement negotiations for the Johnson and Higgins litigation; briefing of extensive novel and complex dispositive motions on the subject of advertising liability and/or homeowners liability under various insurance policies issued to hotel partners; settlement negotiations involving insurance companies and/or agents sued by hotel partners and/or the PSC as part of the Phase I settlement agreement. Included herein are also the myriad hours spent by PSC attorneys and/or their staff in the administration of the fund or assisting the Court and the Trustee in numerous tasks relative to the distribution of funds to plaintiffs.
In determining the fee, we considered several overriding factors: (1) the benefit produced to the plaintiffs' fund through their efforts; (2) the risks inherent in counsel's acceptance of the case; *104 such as the financial risk of expending hours and expenses without assurance of compensation, and the delay in payment to counsel; and (3) the quality of the representation rendered by counsel as manifested in their professionalism, the efficient handling of the litigation, and settlement negotiations.
A thorough review of the motions filed in response to Order No. 624 reveals that only a handful of attorneys, all of whom are PSC members, carried the bulk of the above-mentioned workload on their shoulders from 1991 to the present. As a result, only those attorneys shall be remunerated from the Fund for the hours they labored on behalf of the collective good, i.e. fattening the common fund which benefited all the plaintiffs.
In the circumstances of this case, the evaluation of the pertinent factors is relatively straightforward. The common fund generated by the PSC members' efforts was substantial. It is remarkable that, through the insurance actions, involving complex motions raising novel issues of coverage, the trial, and intensive settlement negotiations, PSC counsel managed to garner the sum of $5,852,112[11] in insurance proceeds for plaintiffs' benefit.
Second, as this court has previously recognized, PSC counsel have undertaken this litigation subject to substantial risks of loss on the merits and have devoted many hours to the prosecution of this cause with virtually no assurances of payment of their fees. The bulk of their hours was expended in the early stages of Phase III, dating back seven or eight years and none have received fee payments for their work due to the ongoing appeal proceedings.
Finally, the court unhesitatingly concludes that the quality of the representation rendered by these attorneys was uniformly high. The attorneys involved in this litigation are extremely experienced and skilled in the prosecution of mass disaster tort litigation and other complex actions. PSC attorneys prosecuted these individual insurance actions, engaging in research, trial and intensive negotiations with insurance defendants over the course of several years. The litigation involved numerous novel and complex claims. PSC counsel were successful in obtaining substantial settlements which inured to the benefit of the plaintiffs' fund. The services rendered were efficient and effective, which yielded productive and highly favorable results.
Accordingly, we conclude that the PSC members are entitled to an award of fees in the amount of $2,358,456.39, which is equivalent to approximately 17% of the funds that were available for the final distribution effectuated in December of 1998.
The Court will not award any attorney for hours spent on work related to appeals for fees or costs because counsel's time expended in connection with fee applications or fee appeals does not benefit the fund; in fact, it is at that point that an attorney's interest becomes adverse to the interest of the plaintiffs which he/she represents.
Given the limited amounts available for distribution at this time (which constitutes approximately 5% of the total monies distributed in 1991) and in an attempt not to further diminish the plaintiffs' "common fund", no further fees of any kind shall be paid to any other attorney aside from the PSC members indicated below.[12] It would be well to further point out that all the attorneys in this litigation were handsomely remunerated as a result of the distribution that took place in July 1991,[13] at which *105 time the award of attorney fees was based on their retainer agreements. Further, other than keeping their clients informed of the numerous fee and costs appeals and the concomitant delay in the final payment of their claims, there has been no need for the individually-retained attorneys to actively participate in this action. The Phase III litigation did not require any investment of time, funds or manpower from the IRPAs. Therefore, age-old equitable principles of reasonable compensation limit us to payment of fees only to those whose efforts actively benefitted the plaintiffs' common fund.[14]
In sum, the reserved amount of $2,358,456.39, represents approximately 17% of the total amount of funds recently distributed to plaintiffs in the final distribution through Order No. 685 (docket No. 19414, filed on December 20, 1998) which, based on the foregoing, is adequate and reasonable compensation for the work performed by the below-named PSC attorneys.[15]

V. FEE AWARDS

Therefore, the Court being fully advised on this matter, it is hereby ORDERED that the following PSC members shall be compensated for their efforts, labor and services on behalf of the plaintiffs' common fund for the period beginning in March 1991 and ending on December 1997 in the following amounts:

---------------------------------------------------------------------------------------------------
ATTORNEY FIRM SERVICES IN BENEFIT OF THE FEE
 FUND PERFORMED BY PSC AWARD[16]
 MEMBER (OR PSC MEMBER'S
 FIRM STAFF)
===================================================================================================
Chesley WAITE, SCHNEIDER, Assistance in first distribution; Fund $90,000
 BAYLESS & CHESLEY accounting; audits; Phase III Insurance
 Litigation preparation; and insurance
 co. settlement efforts
---------------------------------------------------------------------------------------------------
Cummings CUMMINGS, CUMMINGS Settlement efforts with defendants $500,000
 & DUDENHOFER and insurance companies, plaintiffs
 and mutual release agreements; assistance
 with distribution; accounting of
 trust fund; audits; tax liabilities;
 Phase III Insurance Litigation preparation
 and settlement
---------------------------------------------------------------------------------------------------
Gauthier GAUTHIER, DOWNING, Phase III Insurance Litigation preparation $650,000
 LA BARRE, BERSER & and settlement; Johnson &
 DEAN Higgins trial; distribution; auditing;
 Fund accounting; audits; tax liability;
 assistance to the Court
---------------------------------------------------------------------------------------------------

*106
 Nachman Estate ESTATE OF HARVEY Phase III Insurance Litigation preparation; $100,000[17]
 B. NACHMAN AND Fund tax liability
 JOSE E. FERNANDEZ
 SEIN, ESQ.
-------------------------------------------------------------------------------------------------------
 Ortiz Brunet ORTIZ TORO & ORTIZ Financial Coordinator; Fund accounting; $18,456.39
 BRUNET taxes; audits; distribution assistance
-------------------------------------------------------------------------------------------------------
 Kemp HARRISON, KEMP, Phase III Insurance Litigation preparation, $600,000
 JONES and JONES, briefs, negotiations and settlements;
 JONES, CLOSE & Johnson & Higgins trial
 BROWN
-------------------------------------------------------------------------------------------------------
 Indiano INDIANO, WILLIAMS Phase III Insurance Litigation preparation $400,000
 & WEINSTEIN BACAL and settlements; Johnson &
 (also JIMENEZ, GRAFFAM Higgins trial; distribution; accounting;
 & LAUSELL) assistance to the Court
-------------------------------------------------------------------------------------------------------

Accordingly, it is hereby ORDERED that on June 2, 1999, the TRUSTEE AND DISTRIBUTION AGENT shall issue a check in the name of each of the abovementioned attorneys in the amount set forth herein plus each attorney's pro-rata share of the interest generated to date and mail the checks directly to the attorneys' address of record via certified mail return receipt requested.
IT IS FURTHER ORDERED that Mr. Michael Noon shall certify compliance with the terms of this Order no later than June 8, 1999.
The Clerk of the Court shall notify this Order by FAX to: (1) all PSC members, (2) MR. MICHAEL J. NOON and (3) MS. MONITA STERLING, PSC Liaison.
The Clerk of the Court shall notify this Order by mail to: (1) all PSC Members listed in Appendix A of the SERVICE LISTS, (2) IRPAs listed in Appendix B of the SERVICE LISTS, (3) MS. MONITA STERLING, PSC Liaison and (4) MS. SUZANNE FOULDS at the Mini-Depository.
IT IS SO ORDERED.

 APPENDIX "A"
ORDER NO. 706
Attorney Name 1991 Fee
Carlos Colón Marchand, Esq. $26,207.28
Alberto E. Lugo Janer, Esq. 179,707.09
Luis R. Mellado-González, Esq. 36,690.20
Gabriel I. Peñagaricano, Esq. 14,975.59
José E. De La Cruz Skerrett, Esq. 68,070.87
Alfredo Carlo Toro, Esq. 224,633.87
Orlando Fernández, Esq. 153,454.43
Federico Lora López, Esq. 149,755.91
Harry Anduze Montaño, Esq. 306,999.62
Juan T. Peñagarícano, Jr., Esq. 63,759.71
Harvey B. Nachman, Esq. 7,988,184.46
Eugenio Luis Santoni, Esq. 184,358.60
Miguel Limeres-Grau, Esq. 50,917.01
Peter Berkowitz, Esq. 1,130,044.48
Gonzalo J. Barreras-Varona, Esq. 32,787.47
Alvaro R. Calderón, Jr., Esq. 599,152.22
Jorge Ortiz Brunet, Esq. 3,100,424.97
José A. Cestero-Rodríguez, Esq. 396,853.16
David C. Indiano, Esq. 588,786.54
Roberto Buso Aboy, Esq. 140,139.77
José A. Feliciano, Esq. 51,688.48
Renato Barrios, Esq. 462,428.10
Gerardo Mariani, Esq. 47,377.32
Jorge M. Suro Ballester, Esq. 793,325.13
Francisco M. Troncoso, Esq. 1,901,979.47
Teresita Picó Vidal, Esq. 62,897.48
Victor M. Agrait Defilló, Esq. 18,719.49
Gerardo Pavía, Antonio Moreda Toledo, Esq. 1,268,621.80
David Godreau, Esq. 193,185.12
Virginia Zequeira Brinsfield, Esq. 317,800.19
José A. Pagán, Esq. 393,760.93
Rafael Yulian Pomar, Esq. 1,497.56
Samuel Maduro, Esq. 82,365.75
Romualdo González, Esq. 569,072.46
Dale Larrimore, Esq. 32,197.52
Laurence S. Berman, Esq. 6,807.09
Leonard Weinstock, Esq. 439,624.36
Anthony J. Demarco, Jr., Esq. 438,376.39
Perry D. Silver, Esq. 381,196.86
Guerry R. Thornton, Jr., Esq. 144,990.95
Irving B. Singer, Esq. 74,877.96
Douglas G. Brown, Esq. 207,411.94
Marvin I. Barish, Esq. 112,316.93
Kevin Mosley, Esq. 16,473.15
Mark B. Hutton, Esq. 209,658.27
Richard A. Bieder, Esq. 2,465,545.00
Susan Courtney Chambers, Esq. 112,316.93
Melvin A. Simon, Esq. 9,734.13
Stanley M. Chesley, Esq. 171,470.52
Richard E. Brown, Esq. 280,293.15
James R. Beasley, Esq. 449,267.73
David G. Miller, Esq. 528,003.03
Wendell H. Gauthier, Esq. 2,776,855.77
Robert Jay Perkins, Esq. 48,516.38
Arnaldo Capote, Jr., Esq. 318,401.49
Harold V. Sullivan, II, Esq. 1,284,846.71
Harrison J. Gordon, Esq. 134,508.04

*107
 Attorney Name 1991 Fee
Anthony Genovesi, Esq. 31,448.74

NOTES
[1] See Order No. 364, filed on July 23, 1991 (docket No. 17178).
[2] See Order No. 319, filed on April 11, 1991 (docket No. 16517).
[3] See Order No. 346 (docket No. 17022, filed on June 21, 1991).
[4] See e.g., In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 982 F.2d 603 (1st Cir.1992) Order Nos. 477 (docket No. 18199) and 478 (docket No. 18200), both filed on January 15, 1993; Order Nos. 510A (docket No. 18544) and 511A (docket No. 18545), both filed on November 24, 1993; In re Two Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 45 F.3d 424 (1st Cir.1994); In re Thirteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 56 F.3d 295 (1st Cir. 1995); (In re San Juan Dupont Plaza Hotel Fire Litigation, Order of Court entered July 18, 1995; Order Nos. 583 (docket No. 19014) and 584 (docket No. 19015), both filed on August 30, 1995); Order No. 588 (docket No. 19048, filed on September 27, 1995); Order No. 592 (docket No. 19064, filed on October 10, 1995); Order No. 600 (docket No. 19103, filed on February 21, 1995); Order No. 601 (docket No. 19110) In re San Juan Dupont Plaza Hotel Fire Litigation, 1996 WL 84505 (D.Puerto Rico Jan.30, 1996); In re Two Additional Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litigation, Order of the Court entered on July 8, 1996; In re San Juan Dupont Plaza Hotel Fire Litigation, Pasquale Massaro et al. v. Stanley Chesley et al., 111 F.3d 220 (1st Cir.1997); Order No. 624 (docket No. 19221, filed on February 18, 1997); Order No. 632 (docket No. 19278) In re San Juan Dupont Plaza Hotel Fire Litigation, 1997 WL 716910 (D.Puerto Rico Oct 31, 1997); Order No. 634 (docket No. 19284, filed on November 26, 1997); Order No. 637 (docket No. 19292, filed on December 19, 1997), Order No. 685 (docket No. 19414, filed on December 20, 1998).
[5] See Order No. 624 (docket No. 19221, filed on February 18, 1997)
[6] See CALDERON (docket No. 19224, filed on March 27, 1997); BERKOWITZ (docket No. 19227, filed on April 1, 1997); TRONCOSO (docket No. 19228, filed on April 1, 1997); CUMMINGS (docket No. 19232, filed on April 14, 1997); INDIANO (docket No. 19233, filed on April 15, 1997); KEMP (docket No. 19234, filed on April 15, 1997); GAUTHIER (docket No. 19235, filed on April 15, 1997); CHESLEY (docket No. 19236, filed on April 15, 1997); NACHMAN/FERNANDEZ-SEIN (docket No. 19238, filed on April 15, 1997); ORTIZ BRUNET (docket No. 19239, filed on April 15, 1997).
[7] See Response to Order No. 624 (docket No. 19225, filed on March 27, 1997). MR. BIEDER also responded on behalf of himself and "certain IRPAs", who, according to the record, are: L. MELLADO; A. MOREDA; V. ZEQUEIRA; A. LUGO-JANER; J. FELICIANO; R. BARRIOS; and C. COLON-MARCHAND.
[8] See Motion in Response to Order No. 624 Relative to Adequate Compensation of Fees (docket No. 19230, filed on April 3, 1997).
[9] See Motion in Response to Order No. 624 (docket No. 19231, filed on April 7, 1997) and Motion Supplementing Request for Attorney Fees and Objection to PSC Request for Attorney Fees (docket No. 19242, filed on May 19, 1997).
[10] See Response to Order No. 624 (docket No. 19237, filed April 15, 1997).
[11] See PSC's Motion Submitting its Report of Reserve Accounts (docket No. 19385, filed under seal on September 17, 1998).
[12] In light of this ruling, the Motion of Knowledge and Requested [sic] filed by the wife of IRPA Carlos Colón Marchand on August 13, 1998 (docket No.19375) is DENIED as MOOT.
[13] For a list of attorney fees paid to Individually Retained Plaintiffs' Attorneys and their firms in 1991, see Appendix A.
[14] This decision is in keeping with the proposition advanced by IRPA R. BIEDER in his motion, to the effect that plaintiffs should be compensated, to the extent possible, as close to one hundred percent (100%) of the agreed-to value of their claims as indicated in their individual settlement releases. See Response to Order No. 624 (docket No. 19225, filed on March 27, 1997), at p. 3; see also Response to Order 588... (docket No. 19069, filed on October 24, 1995), at p. 5.
[15] In determining the amount of fees that would reasonably compensate PSC counsel for their Phase III efforts, the Court also heeded the advice of the First Circuit Court of Appeals in In Re: Nineteen. In re Nineteen Appeals Arising Out of San Juan Dupont Plaza Hotel Fire Litigation, 982 F.2d 603 (1st Cir. 1992). We thus set aside the monies that remained in the Contingency Reserve Account to be used for payment of attorneys' fees. See Id. at 619. (The district court prudently reserved a contingency set-aside reserve which, to the extent it is not consumed by the expenses of Phase III, could conceivably be awarded to counsel).
[16] Reduced amounts reflecting the Court's decision not to compensate attorney work on appeals.
[17] As stipulated in PSC/IRPA release agreement. See PSC's Informative Motion Regarding IRPA Settlement Agreements, docket No. 19311, filed on February 20, 1998. The request to file under seal (docket No.19309) is GRANTED. Notice of filing (docket No.19310) is NOTED.