NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ARUTYUM BASTEGIAN,

       Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

       Respondent.

No.   22-1073

Agency No.
A023-665-484

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2023[**]
Pasadena, California

Before: BYBEE, BENNETT, and MENDOZA, Circuit Judges.

Petitioner Arutyum Bastegian, a native and citizen of Armenia, seeks review of the Board of Immigration Appeals' ("BIA" or "Board") May 20, 2022, denial of his motion to reopen his removal proceedings. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed R. App. P. 34(a)(2).

We generally lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Menendez-Gonzalez v. Barr*, 929 F.3d 1113, 1115 (9th Cir. 2019); *Ekimian v. INS*, 303 F.3d 1153, 1159–60 (9th Cir. 2002). However, we have such jurisdiction "for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016); *see Menendez-Gonzalez*, 929 F.3d at 1115.

Petitioner argues that the BIA erred by not finding his removal order was a "gross miscarriage of justice," by not finding a fundamental change in law, by imposing a due diligence requirement to grant a *sua sponte* reopening based on a fundamental change of law, and by not explicitly deeming his motion as unopposed by DHS. As discussed below, Petitioner forfeited one of his arguments by failing to substantively address it in his opening brief. His other bases for review do not amount to legal error. We conclude that we do not have jurisdiction to review the BIA's denial of Petitioner's motion to reopen.

First, Petitioner argues that the BIA "erred and abused its discretion by denying reopening where the record shows a gross miscarriage of justice." However, the "gross miscarriage of justice" standard is inapplicable, as we have held that this standard only applies in reinstatement cases. *See Perez-Camacho v. Garland*, 54 F.4th 597, 607 (9th Cir. 2022) (denying relief because the petitioner

2

who was challenging a denial of reopening of removal proceedings relied on arguments, including review for "gross miscarriage of justice," which are available only for petitioners challenging reinstatement proceedings or orders); *Mikhalenko v. Garland*, No. 21-113, 2023 WL 3018057, at *3 (9th Cir. April 20, 2023) (unpublished) (holding that the gross miscarriage of justice standard is limited to reinstatement of removal proceedings).

Even if that standard applied here, Petitioner's removal order did not constitute a "gross miscarriage of justice" because it was legally valid and consistent with prevailing law at the time it was entered. Petitioner's order of removal was issued following his conviction for possession of a firearm by a felon, in violation of former California Penal Code ("CPC") § 12021(a)(1). Petitioner argued that because unlawful possession of a firearm by a felon under former CPC § 12021(a)(1) did not exclude antique firearms, his conviction could not be the basis for removability. However, case law at the time of Petitioner's removal order supported removal on this basis. *See Valerio-Ochoa v. INS*, 241 F.3d 1092, 1095 (9th Cir. 2001) (holding that INA § 237(a)(2)(C) was "intended to embrace the entire panoply of firearms offenses"); *Matter of Juan Pablo Huerta*, 2005 WL 649151, at *1 (B.I.A. Jan. 18, 2005) (upholding the removal based on CPC § 12021(a)(1) despite the state statute's lack of an antique firearm exception); *see also Gil v. Holder*, 651 F.3d 1000, 1005–06 (9th Cir. 2011) (finding that a

3

conviction under a California firearms statute that did not exclude antique firearms from its definition of firearm still "constituted a firearms offense under 8. U.S.C. § 1227(a)(2)(C)" as late as 2011, *id.* at 1002).

Second, Petitioner forfeited his argument that the BIA erred in finding the change of law that he relied on was an incremental rather than fundamental change. Federal Rule of Appellate Procedure 28(a)(8) requires that an appellant's argument "must contain . . . the appellant's contentions the reasons for them, with citations to the authorities, statutes, and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). "Issues raised in a brief that are not supported by argument are deemed abandoned." *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992), *as amended* (Oct. 8, 1993). Even where a petitioner mentions an issue in the "Statement of the Case," we have determined that the petitioner forfeits the issue if he fails to make a substantive argument. *Cui v. Garland*, 13 F.4th 991, 999 n.6 (9th Cir. 2021).

Petitioner's brief mentions in the "Statement of Fact and Procedure" and the "Statement of Issue(s)" that the BIA erred by finding that the development in *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014) and *Medina-Lara v. Holder*, 771 F.3d 1106 (9th Cir. 2014), was not a fundamental change in the law. The heading of his "Legal Argument" section also states that the Board "erred and

abused its discretion by failing to find . . . that there has been a fundamental change in law." However, Petitioner provides no support for this argument in the body of his brief. Because he did not provide any arguments or citations to case law, statutes, or the record to support his contention, he forfeited this argument. *Cui*, 13 F.4th at 999 n.6.

Further, we "will only review an issue not properly presented if our failure to do so would result in manifest injustice." *Acosta-Huerta*, 7 F.3d at 144 (quoting *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)). Failing to consider Petitioner's argument on this issue will not result in manifest injustice, as the BIA "is not *required* . . . to reopen proceedings *sua sponte*" even if there had been a fundamental change in law. *Lona v. Barr*, 958 F.3d 1225, 1230 (9th Cir. 2020).

Third, Petitioner argues that the BIA erred by requiring him to show diligence in filing his motion for reopening. We have resolved this issue in recent, unpublished cases in similar, but slightly varying ways. In *Mikhalenko v. Garland*, we found that we lacked jurisdiction to consider this argument. 2023 WL 3018057, at *2. In *Bui v. Barr*, we held that diligence was a permissible inquiry in considering whether to reopen *sua sponte*; and therefore, the BIA did not err by citing the petitioner's lack of diligence as a reason supporting its denial of the petitioner's motion to reopen. 813 F. App'x 339, 340 (9th Cir. 2020) (unpublished).

5

Here, the BIA similarly cited Petitioner's lack of diligence as a reason to deny his motion to reopen *sua sponte*. Whether we apply the reasoning from *Mikhalenko* or *Bui*, the result is the same. The BIA's determination that Petitioner was not diligent in pursuing reopening after the changes in law upon which his motion relied was not premised on legal error, so we do not have jurisdiction to review the BIA's denial on this ground.

Finally, Petitioner argues that 8 C.F.R. §§ 1003.2(g)(3) and 1003.23(b)(1)(iv) require the Board to explicitly deem his motion "unopposed" if DHS did not submit a timely response. Sections 1003.2(g)(3) and 1003.23(b)(1)(iv) both provide that "[a] motion shall be deemed unopposed unless" a "timely response is made." However, Petitioner cites no case law to support his argument that these regulations are to be read so strictly that the word "unopposed" must appear in the Board's decision to avoid reversible error. It is clear that the Board understood the motion was unopposed. Contrary to Petitioner's contention, the BIA did not fail to consider this factor in exercising its discretion. While the Board did not use the term "unopposed," it clearly took notice of the fact that DHS did not oppose Petitioner's motion, as the BIA stated in the first paragraph of its decision that DHS "has not responded to the appeal." Further, even if the BIA erred in this regard, it had no obligation to grant Petitioner's motion just because it was unopposed. *See Limsico v. INS*, 951 F.2d

6

210, 213 (9th Cir. 1991). Thus, the Board's denial was not premised on an erroneous legal contention, which divests this Court of jurisdiction to review the BIA's discretionary denial on this ground.

Petitioner fails to show any legal or constitutional error in the Board's decision. Because our review is limited to legal and constitutional errors, our analysis ends here.

**PETITION DENIED.**